**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

BURLON R. DAVIS,

        Defendant-Appellant.

No. 96-3293
(D.C. Nos. 96-CV-3114 &
89-CR-20081)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Burlon R. Davis appeals from the denial of his motion for post-conviction relief under 28 U.S.C. § 2255.  See United States v. Davis, 939 F. Supp. 810 (D. Kan. 1996).  We exercise jurisdiction under 28 U.S.C. § 1291 [1] and affirm.

The factual and procedural background is detailed in the district court's opinion and will not be repeated here.  Defendant challenged his conviction for several drug trafficking offenses on the grounds of ineffective assistance of counsel and unconstitutional jury impanelment.  The district court held defendant had not satisfied either the deficient-performance or prejudice requirements for his ineffective assistance claims, see generally Strickland v. Washington, 466 U.S. 668, 686-87 (1984), and did not establish any constitutional impropriety in connection with the selection of his jury.

On appeal, defendant raises nine issues.  He contends counsel should have been found ineffective for (1) failing to investigate and subpoena several witnesses; (2) failing to interview defendant to discover and present the defense; (3) failing to cross-examine codefendants Dana Nelson and William Nelson Sr.;

---

[1] The district court denied a certificate of appealability, a prerequisite to appeal under the then newly enacted Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  However, "since that time, . . . we have held that § 2255 movants who [like defendant] filed their applications with the district court prior to AEDPA's effective date need not obtain a certificate of appealability to proceed in this court."  United States v. Alvarez, 137 F.3d 1249, 1250 n.2 (10th Cir. 1998).

(4) failing to obtain an expert witness to take a voice exemplar for comparison with voices on drug transaction tapes; (5) failing to object to admission of letters seized from defendant on the ground that his authorship of the letters was not proven and failing to present evidence to that effect; (6) failing to challenge the impaneling of an all-white jury; and (7) overall inadequate performance. He also argues the district court erred in holding that (8) his jury was constitutionally selected and impaneled and (9) an evidentiary hearing was not warranted. Upon review of the post-conviction record and the transcript of defendant's criminal trial, we affirm.

With respect to the issue of jury panel selection, and most of defendant's ineffective assistance claims, we have nothing to add to the district court's analysis. However, we note that defendant's sustained insistence on his right to an evidentiary hearing has special import with respect to certain disputed allegations of counsel (mis)conduct which, involving matters outside the trial process, may not have been "conclusively" resolvable on "the files and records of the case" without a hearing pursuant to § 2255. See Machibroda v. United States, 368 U.S. 487, 494-95 (1962) (hearing necessary to resolve factual disputes which "related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light"); Moore v. United States, 950 F.2d

656, 661 (10th Cir. 1991) (hearing necessary when "factual disputes and inconsistencies beyond the record exist").

To obviate this concern, we do not reach the extra-record facts regarding counsel's conduct found by the district court.  Instead, based on our review of the trial transcript, we agree with the district court's alternate conclusion that the government's case against defendant was overwhelming, and, thus, "[d]efendant has simply not met his burden of showing 'that the decision reached would reasonably likely have been different absent the alleged errors.'"          Davis, 939 F. Supp. at 817 (quoting    Strickland, 466 U.S. at 696).  Accordingly, on this lack-of-prejudice rationale, we can confidently say in accord with § 2255 that the "files and records of the case of the case" do "conclusively show that the [defendant] is entitled to no relief."

The judgment of the United States District Court for the District of Kansas is AFFIRMED.  Defendant's motion for transcripts and motion for stay are denied.  Defendant's motion for reimbursement of the appellate filing fee--paid on threat of dismissal pursuant to a subsequently vacated assessment order, and contrary to defendant's extant in forma pauperis status--is granted.  The district

court is hereby directed to refund the fee to defendant's prison account.

Defendant's renewed motion to proceed in forma pauperis is, accordingly, denied as moot. The mandate shall issue forthwith

Entered for the Court

Wade Brorby
Circuit Judge