**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JERRY L. GRIST,

      Defendant - Appellant.

No. 97-7124
(D.C. No. 97-CV-168-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

Defendant-Appellant Jerry Grist appeals the district court's denial of a
certificate of appealability following the denial of his 28 U.S.C. § 2255 motion.
We exercise jurisdiction under 28 U.S.C. §§ 2253 and 2255, grant the certificate
of appealability, affirm in part, reverse in part, and remand for further
proceedings.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Grist was convicted in federal district court on several charges relating to car theft. In his § 2255 petition, Mr. Grist contends he received ineffective assistance of counsel due to (1) a conflict of interest, (2) failure to interview witnesses and adequately prepare for trial, and (3) failure to call or consult a handwriting expert. The district court found that the record was adequate to decide the issues. It held Mr. Grist's allegations, with their supporting evidence, were rebutted by the affidavit of his trial counsel, Duane Miller, and that under Strickland v. Washington, 466 U.S. 668 (1984), Mr. Grist had failed to demonstrate prejudice. Mr. Grist must make "a substantial showing of the denial of a constitutional right" before this court considers his appeal. 28 U.S.C. § 2253(c)(2). We conclude he has made such a showing with respect to his conflict of interest claim. See 28 U.S.C. § 2253(c)(3).

Strickland's prejudice requirement does not apply to claims of ineffective assistance based upon actual conflict of interest. See Strickland, 466 U.S. at 692; United States v. Alvarez, 137 F.3d 1249, 1251-52 (10th Cir. 1998). The two-part test of Cuyler v. Sullivan, 446 U.S. 335, 350 (1980) applies to a conflict-of-interest claim not raised at trial. See Alvarez, 137 F.3d at 1251. Mr. Grist must demonstrate an actual conflict of interest which adversely affected his lawyer's performance. See id. at 1251-52. If Mr. Grist can establish that the conflict actually affected his representation, prejudice is presumed. See id. at 1251.

- 2 -

Mr. Miller represented Mr. Grist and a codefendant, Lloyd Callicoat. The government dismissed its charges against Mr. Callicoat after he passed a polygraph test. Mr. Grist claims he asked Mr. Miller to call Callicoat as a witness; he also claims Callicoat told him he was willing to testify. Mr. Callicoat's testimony would have been beneficial, according to Mr. Grist, because Callicoat had testified before the grand jury and contradicted the testimony of the witnesses who inculpated Mr. Grist. Mr. Miller flatly refused to call Callicoat for the following reason: "'I got Loyd [sic] out of this, he passed a polygraph test and I don't want to involve him in this anymore.'" I R. doc. 1, attch. In support of this version of events, Mr. Grist presented his own affidavit and that of a witness to his conversation with Mr. Miller.

Mr. Miller's affidavit, on the other hand, states that Mr. Callicoat "was asked" to testify on behalf of Mr. Grist but refused to, and that if he had been subpoenaed his testimony would not have been favorable. I R. doc. 7 attch. 3.

The disputed facts put in issue by these affidavits cannot be resolved without an evidentiary hearing. See Machibroda v. United States, 368 U.S. 487, 494–95 (1962); Moore v. United States, 950 F.2d 656, 660–61 (10th Cir. 1991). A hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (en banc).

Because the actual conflict Mr. Grist has alleged "related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light," we must remand for a hearing. Machibroda, 368 U.S. at 494–95. If Mr. Grist can prove there was a "divergence of interests between [himself] and his codefendants" resulting in "a lapse in representation contrary to [his] interests," then prejudice will be presumed and Mr. Grist will be entitled to relief. Alvarez, 137 F.3d at 1252 (internal quotation marks omitted).

Mr. Grist next claims Mr. Miller inadequately prepared for trial by failing to interview and call certain witnesses. The witnesses to which he refers, however, were later interviewed by new counsel and testified in a hearing on Mr. Grist's motion for a new trial. One of these witnesses recanted his trial testimony, and others impeached certain trial witnesses. The district court held, and this court affirmed, that "the recanted testimony is not of the kind that would probably produce an acquittal and in no way exculpates Appellant." United States v. Grist, No. 88-2101 (10th Cir. June 19, 1989). We have thus already held that no prejudice resulted from Mr. Miller's failure to interview or call witnesses, or from the recanted trial testimony. Because we may not revisit in a § 2255 motion issues decided on direct appeal, this claim fails. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

Mr. Grist's final claim is that Mr. Miller failed to consult an independent

handwriting expert to call into question what purported to be his signature on a document presented at trial. Mr. Grist has produced no fact to rebut Mr. Miller's sworn statement that he did consult an independent handwriting expert, and, after analysis, the expert told him the signature in question could have been made by Mr. Grist. Mr. Grist has thus failed to show both inadequate performance and prejudice as to this claim. See Strickland, 466 U.S. at 687.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge