F I L E D
United States Court of Appeals
Tenth Circuit

OCT 21 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JERRY L. GRIST,

     Defendant-Appellant.

No. 99-7032
(E.D. Okla.)
(D.Ct. No. 97-CV-168)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Jerry Lee Grist appeals the district court's decision dismissing

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his motion filed under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. We grant Mr. Grist's certificate of appealability[1] and affirm the decision of the district court.

In 1986, a jury convicted Mr. Grist of multiple criminal counts arising out of an indictment involving a car theft operation. We affirmed his conviction and sentence on direct appeal. Mr. Grist served his sentence, and after his release, a jury convicted him of other criminal activity in 1994. The district court used his 1986 conviction to enhance his 1994 sentence.

Thereafter, Mr. Grist filed his § 2255 motion claiming ineffective assistance of counsel in his 1986 case due to an alleged conflict of interest arising out of his attorney's joint representation of him and one of the other co-defendants, Lloyd (a/k/a Loyd) Callicoat. Specifically, Mr. Grist claimed his attorney, Duane Miller, improperly failed to contact or call Mr. Callicoat as a witness on his behalf for the purpose of impeaching the testimony of Ralph Crow

---

[1] The district court made no ruling on Mr. Grist's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 n. 2 (10th Cir. 1997), *overruled on other grounds, United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998).

(a/k/a Crowe), who testified he delivered stolen vehicles to Mr. Grist at Mr. Callicoat's business. Mr. Grist claimed his attorney did not want to involve Mr. Callicoat after getting the charges against Mr. Callicoat dismissed.

The district court conducted an evidentiary hearing to determine whether a conflict of interest existed.[2] After hearing the witnesses, the district court prepared a thorough and well-reasoned decision, concluding Mr. Grist failed "to establish ineffective assistance on the part of his trial counsel based on conflict of interest." In so holding, the district court noted the parties offered conflicting testimony at the hearing as to Mr. Miller's reasons for not having Mr. Callicoat testify. In resolving this conflict, the district court credited Mr. Miller's testimony that he asked Mr. Callicoat to testify on Mr. Grist's behalf, but Mr. Callicoat stated he did not want to testify, and if forced to, his testimony would be detrimental to Mr. Grist. According to Mr. Miller, he relayed Mr. Callicoat's comments to Mr. Grist, advising him not to seek Mr. Callicoat's testimony, and Mr. Grist agreed with that advice. The district court concluded Mr. Miller did not act out of a desire to protect Mr. Callicoat at Mr. Grist's expense, but rather,

---

[2] In his § 2255 motion, Mr. Grist raised other grounds for ineffective assistance of counsel which the district court dismissed, and we affirmed. *United States v. Grist*, No. 97-7124, 1998 WL 536386 (10th Cir. Aug. 18, 1998) (unpublished disposition). However, we remanded the issue of conflict of interest to the district court for an evidentiary hearing. *Id.*

made a reasoned determination as an experienced trial attorney about the efficacy of Mr. Callicoat's testimony, based upon: (1) Mr. Callicoat's reluctance to testify; (2) Mr. Callicoat's warning his testimony would be detrimental; and (3) Mr. Callicoat's evasive grand jury responses which contradicted a Federal Bureau of Investigation 302 investigative report containing Mr. Callicoat's inculpatory statements against Mr. Grist. The district court also noted it was unclear how calling Mr. Callicoat to testify on behalf of Mr. Grist would jeopardize Mr. Callicoat since he continued to deny involvement in the criminal activity, other than knowing about Mr. Grist's activities as outlined in the investigative report.

On appeal, Mr. Grist raises the same conflict of interest argument raised in his § 2255 motion. The question of whether Mr. Miller's joint representation of Mr. Grist and Mr. Callicoat involved a conflict of interest is a mixed question of law and fact. *Edens v. Hannigan*, 87 F.3d 1109, 1113 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)). We review *de novo* the district court's determination of whether an actual conflict existed, and review for clear error the district court's resolution of the underlying facts, *id.,* mindful of our obligation to give due regard to the district judge's determination of the credibility of witnesses, weight afforded their testimony, and reasonable inferences and conclusions drawn therefrom. *United States v. Gama-Bastidas*,

142 F.3d 1233, 1239-40 (10th Cir. 1998). In order to establish ineffective assistance of counsel, Mr. Grist must show his counsel's performance was deficient and the deficiency prejudiced his defense. *United States v. Martin*, 965 F.2d 839, 842 (10th Cir. 1992).

However, special considerations apply in conflict of interest cases. 965 F.2d at 842. If Mr. Grist can show a conflict of interest actually affected the adequacy of his representation, he will not need to demonstrate prejudice in order to obtain relief. *Id.* In order to establish an actual conflict, the burden is on Mr. Grist to show specific instances to support his contention of an actual conflict adverse to his interest. *Id.* Generally, an attorney's decision on whether to call a particular witness is a tactical decision, and thus, a matter of discretion for trial counsel. *United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir.) (quotation marks and citation omitted), *cert. denied*, 479 U.S. 836 (1986). Mr. Grist must overcome the strong presumption that his attorney's decision not to call Mr. Callicoat "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quotation marks and citation omitted).

Keeping these legal standards in mind, we have reviewed the record in its entirety and conclude Mr. Miller's reasons for not calling Mr. Callicoat as a

witness involved a reasonable, deliberate and tactical decision. Most notably, we find it reasonable for Mr. Miller to assume Mr. Callicoat's testimony would not assist Mr. Grist, and more likely, would harm him, given: (1) the possibility of Mr. Callicoat making a detrimental statement against Mr. Grist, as supported by his inculpatory statements in the 302 investigative report; (2) Mr. Callicoat's conflicting statements on Mr. Grist's culpability, when comparing his grand jury testimony with the 302 investigative report; (3) his obvious lack of credibility because of his conflicting statements; and (4) his vulnerability to impeachment on cross-examination.[3] It appears Mr. Miller's reasons for omitting Mr. Callicoat's testimony centered on these factors and not on protecting Mr. Callicoat, against whom the charges had already been dropped and who consistently asserted his own innocence, even though he initially provided information implicating only Mr. Grist.

In support of Mr. Miller's statement that Mr. Grist agreed not to call Mr.

---

[3] The § 2255 hearing occurred thirteen years after completion of the initial 302 investigative report and grand jury hearing in 1986. Consequently, none of the witnesses retained full recall of the events at issue. We note, however, Mr. Callicoat's inculpatory remarks in the 302 investigative report and conflicting statements to the grand jury support Mr. Miller's statements as to Mr. Callicoat's reluctance at that time to testify, his potential to implicate Mr. Grist, and his impeachability and lack of credibility as a witness. In addition, both Mr. Grist and Mr. Callicoat testified that Mr. Callicoat did not want to testify at trial, similarly supporting Mr. Miller's testimony to that effect.

Callicoat as a witness, Mr. Miller testified as to his usual practice of advising the court for the record of his objections to unfavorable witnesses his clients insist on calling to testify, and stated he would have done the same if Mr. Grist insisted on calling Mr. Callicoat to testify. The record also discloses that at trial, Mr. Miller called at least thirteen witnesses to testify, as suggested by Mr. Grist, to aid in his defense, thereby lending support to Mr. Miller's contention he similarly contacted Mr. Callicoat at Mr. Grist's direction. In fact, Mr. Miller called two of those witnesses for the purpose of discrediting Ralph Crow, a key witness whom Mr. Grist wished to discredit with the testimony of Mr. Callicoat. Finally, a review of Mr. Callicoat's initial statement to federal authorities and his testimony before both the grand jury and district court at the § 2255 hearing shows it is unlikely his conflicting and highly impeachable testimony would have exonerated Mr. Grist on the count at issue, given the inculpatory testimony of Mr. Crow, whom the jury apparently found credible, despite witness testimony to the contrary.

For these reasons, we grant a certificate of appealability and **AFFIRM** the district court's decision.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge