**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADOLFO ALVAREZ,

Defendant-Appellant.

No. 96-2173

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-320-BB)

---

Submitted on the briefs:

John J. Kelly, United States Attorney, and David N. Williams, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Adolfo Alvarez, pro se.

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Adolfo Alvarez appeals from the district court's order denying his motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255.[1]  Our jurisdiction arises from 28 U.S.C. § 2253(a).[2]  We review the district court's legal rulings de novo and its factual findings for clear error.  See United States v. Blackwell, 127 F.3d 947, 950 (10th Cir. 1997).

Mr. Alvarez and two codefendants were tried and convicted for possession with intent to distribute more than fifty kilograms of cocaine.  The convictions were affirmed on direct appeal.  Mr. Alvarez filed a § 2255 motion asserting ineffective assistance of counsel.  On appeal, as before the district court, Mr. Alvarez contends that his attorney was ineffective because he had a conflict of

---

[1]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[2]      At the time Mr. Alvarez took his appeal, decisions of this court had applied the § 2253(c) certificate of appealability requirements from the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to cases filed prior to AEDPA's effective date.  Accordingly, Mr. Alvarez filed a motion for a certificate of appealability and the government filed a motion to dismiss the appeal for lack of jurisdiction.  Since that time, in light of the Supreme Court's opinion in Lindh v. Murphy, 117 S. Ct. 2059 (1997), we have held that § 2255 movants who filed their applications with the district court prior to AEDPA's effective date need not obtain a certificate of appealability to proceed in this court.  See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).  Because Mr. Alvarez filed his § 2255 motion prior to AEDPA's effective date, we need not address his motion for a certificate of appealability or the government's motion to dismiss for lack of jurisdiction.

interest which affected his representation, and because counsel failed to seek a separate trial for Mr. Alvarez.[3]  In support of his conflict of interest claim, Mr. Alvarez avers that the attorneys who represented him and his codefendants were partners in the same law firm, and that his attorney was paid by his codefendants. He contends that the result of the conflicts created by this arrangement was that his counsel was not working on his behalf, but on behalf of codefendant Mario Israel Gastelum-Murguia.

It is evident from our review of the district court's ruling that the court did not address these factual averments.  The court simply concluded that no conflict of interest existed after reciting that "different, independent retained attorneys" had entered their appearances for Mr. Alvarez and his codefendants.  Rec. Vol. I, doc. 10, at 4.  The court appeared not to recognize the potential conflicts of interest that could arise from the facts as asserted by Mr. Alvarez.  See Wood v. Georgia, 450 U.S. 261, 268-69 (1981) ("Courts and commentators have recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise."); United States v.

---

[3]      In his reply brief, Mr. Alvarez also challenges the district court's ruling on his claim that counsel was ineffective in failing to seek a plea agreement.  This issue was not raised in Mr. Alvarez's opening brief and, therefore, is waived.  See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Gallegos, 975 F.2d 710, 713 (10th Cir. 1992) (discussing possible conflict arising from multiple representation and "[a]ssuming without deciding that law partners should be considered as one lawyer"); United States v. Allen, 831 F.2d 1487, 1497 (9th Cir. 1987) ("No one should be represented by an attorney who is making him the 'fall guy' by design.") (quotation omitted). Further, the government did not contradict Mr. Alvarez's allegations relating to conflicts of interest, conceding for purposes of responding to the § 2255 motion that Mr. Alvarez's "claims are factually accurate." Rec. Vol. I, doc. 5, at 4.

Under these circumstances, we ordinarily would conclude that the case must be remanded for further proceedings. However, "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotations omitted). In this case, even were we to assume, as the government did before the district court, that Mr. Alvarez's claims were factually true, we conclude that he has not met the applicable standard for determining whether a potential conflict of interest constitutes ineffective assistance of counsel.

As the district court properly noted, a two-part test governs this claim:

> In the context of a conflict of interest claim where there was no objection at trial . . . the client must demonstrate an actual conflict of interest which adversely affected his lawyer's performance. United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990). If the client

can establish the conflict actually affected the adequacy of his representation, prejudice is presumed.  <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 350 (1980).  The client has the burden of showing specific instances to support his contentions of an actual conflict adverse to his interests.  <u>United States v. Martin</u>, 965 F.2d 839 (10th Cir. 1992).

Rec. Vol. I, doc. 10 at 3-4.  The government's contention on appeal, that Mr. Alvarez must show prejudice resulting from the alleged conflict of interest, <u>See</u> Appellee's Br. at 11, is wrong.  <u>See</u> <u>Thomas v. Foltz</u>, 818 F.2d 476, 482 (6th Cir. 1987).

Accordingly, Mr. Alvarez must first demonstrate an actual conflict of interest on the part of his counsel.  Even were we to assume that his factual averments are true, we conclude that these facts do not, by themselves, demonstrate that an actual conflict existed.  <u>See</u> <u>Cuyler</u>, 446 U.S. at 348 (noting possible conflicts inherent in "almost every instance of multiple representation," but that ineffective assistance cannot be presumed from potential conflicts); <u>Danner v. United States</u>, 820 F.2d 1166, 1170 (11th Cir. 1987) (holding unusual nature of fee transactions insufficient to establish actual conflict);  <u>United States v. Shaughnessy</u>, 782 F.2d 118, 120 (8th Cir. 1986) (holding that dangers arising from third-party payment of defendant's attorney did not ripen into a conflict of interest); <u>United States v. Medel</u>, 592 F.2d 1305, 1310 (5th Cir. 1979) (holding that "[t]he mere fact of joint representation will certainly not show an actual

conflict"). But see Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir. 1994) (noting that third-party fee arrangements arguably create a conflict of interest).

An actual conflict of interest results if counsel was forced to make choices advancing other interests to the detriment of his client. See Stoia v. United States, 22 F.3d 766, 771 (7th Cir. 1994). Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance. See Thomas, 818 F.2d at 481. Indeed, "[t]o demonstrate an actual conflict of interest, the petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party." Danner, 820 F.2d at 1169. Mr. Alvarez has not met this burden. Cf. Bucuvalas v. United States, 98 F.3d 652, 655, 657 (1st Cir. 1996) (holding when defendant fails to object to alleged conflict at trial he has burden to prove sixth amendment violation, and noting defendant's failure to offer additional facts supporting conflict of interest claim based on third-party payment of counsel).

We have carefully reviewed the entire record on appeal, including the trial transcript. Despite Mr. Alvarez's contentions that his counsel was working for the benefit of Mr. Gastelum-Murguia, nothing in the record suggests a divergence of interests between Mr. Alvarez and his codefendants or a compromise of any kind in counsel's defense of Mr. Alvarez. Counsel vigorously defended Mr.

Alvarez throughout trial. Cf. Shaughnessy, 782 F.2d at 120. None of counsel's tactics or procedures benefitted the other codefendants over Mr. Alvarez. See Danner, 820 F.2d at 1169; Medel, 592 F.2d at 1311, 1312. We conclude that, on this record, Mr. Alvarez cannot demonstrate that the alleged conflicts of interest had any adverse effect on counsel's performance. See Stoia, 22 F.3d at 771 ("An 'adverse effect' occurs when an attorney's actual conflict of interest causes a lapse in representation contrary to the defendant's interests.") (quotations omitted). Accordingly, we decline to remand the case for an evidentiary hearing. Cf. Moore v. United States, 950 F.2d 656, 660-61 (10th Cir. 1991); Quintero, 33 F.3d at 1137.

Mr. Alvarez also contends that counsel was ineffective in failing to file for a severance of his trial. Based on our review of the record, we agree with the district court's conclusion that Mr. Alvarez has not demonstrated any prejudice flowing from this alleged failure. Therefore, under the standard set out in Strickland v. Washington, 466 U.S. 668, 693 (1984), this independent claim for ineffective assistance of counsel fails. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.