**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO ISRAEL GASTELUM-MURGUIA.

Defendant-Appellant.

No. 00-2001

D.N.M.

(D.C. Nos. CIV-97-1150-JC/DJS & CR-93-654-JB)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

---

Mario Gastelum-Murguia, Jr., seeks to appeal the district court's order denying his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we deny Mr. Gastelum's

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

application for a certificate of appealability and dismiss this appeal.

## I. BACKGROUND

Mr. Gastelum was convicted after a jury trial of possessing more than five kilograms of cocaine with the intent to distribute. The district court increased his offense level on the ground that Mr. Gastelum was a leader or organizer of the offense and sentenced him to 188 months' imprisonment, followed by a five-year term of supervised release. In his § 2255 motion, Mr. Gastelum alleged that his trial counsel, David Serna, provided ineffective assistance because he had an actual conflict of interest. [1]

The evidence presented at trial indicated that Mr. Gastelum and two codefendants, Vincente Hernandez-Vargas and Adolfo Alvarez, were arrested in Albuquerque, New Mexico, on an Amtrak train traveling from Los Angeles to Chicago. The arrests occurred after a drug-sniffing dog alerted to suitcases stored near their seats. Upon opening the suitcases, Drug Enforcement Administration agents and Albuquerque police officers discovered fifteen

---

[1] Aldolfo Alvarez, Mr. Gastelum's codefendant, has advanced a similar argument. The district court denied Mr. Alvarez's § 2254 petition, and we affirmed that decision on appeal. We concluded that Mr. Alvarez had failed to "demonstrate that the alleged conflicts of interest had any adverse effect on counsel's performance." United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 1998).

kilograms of cocaine in each suitcase. After the agents arrested the three men, Mr. Hernandez provided a statement that Mr. Gastelum had hired him to make the trip.

Mr. Gastelum was initially represented by the Federal Public Defender's office. Before trial, Timothy Padilla, a New Mexico attorney, received a request from a Los Angeles attorney to visit the three defendants in jail to determine whether he could represent them. Subsequently, the California attorney retained Mr. Padilla to represent any one of the three defendants and to obtain counsel for the others. Mr. Padilla never learned the source of the funds to pay for the defense. He selected Mr. Serna to represent Mr. Gastelum and Edward Bustamonte to represent Mr. Alvarez. Like Mr. Padilla, Mr. Serna did not know the source of the funds provided for Mr. Gastelum's defense.

At the evidentiary hearing on the § 2255 motion, Mr. Serna testified that, prior to trial, Mr. Gastelum has asserted his innocence and stated that he did not want to pursue any plea negotiations. According to Mr. Serna, Mr. Gastelum also provided an implausible story concerning the purpose of the train trip. Based on that story, Mr. Serna advised Mr. Gastelum not to testify at trial.

At the § 2255 hearing, Mr. Gastelum testified that, prior to trial, he had falsely informed Mr. Serna about the purpose of the train trip. He stated that Mr. Hernandez had recruited him to carry one of the suitcases.

## II. DISCUSSION

In the district court proceedings, Mr. Gastelum asserted six grounds for his contention that Mr. Serna provided ineffective assistance of counsel: (1) failure to object to prejudicial evidence at trial; (2) failure to request a severance; (3) failure to advise him of the consequences of going to trial; (4) failure to advance certain arguments and evidence at trial; (5) failure to allow him to testify on his on behalf; and (6) failure to contest the government's assertions at sentencing. In his appellate brief, he advances only the final argument, arguing that Mr. Serna should have objected to the government's request for an increase in the offense level on the ground that Mr. Gastelum was a leader or organizer of the offense. He maintains that Mr. Serna's failure to contest the government's assertion was caused by the conflict of interest resulting from the fact that Mr. Serna was hired by Mr. Padilla.

The Supreme Court has recognized that there are "inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party." Wood v. Georgia, 450 U.S. 261, 268-69 (1981). In order to establish an ineffective assistance of counsel claim, a defendant must demonstrate that the third party's participation created an actual conflict of interest that adversely affected the lawyer's performance. See United States v. Alvarez, 137

4

F.3d 1249, 1251 (10th Cir. 1998) (citing United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990)). An actual conflict of interest arises if the third party's participation forces the defendant counsel "to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance." Id. at 1252 (citations omitted).

Upon review of the § 2255 hearing, we see no evidence that Mr. Serna was forced to advance a third party's interests by failing to challenge the leader-organizer enhancement at sentencing. Most importantly, there is no indication in Mr. Serna's testimony that he considered any such third-party interests. He explained that he did not know the source of the funds provided for Mr. Gastelum's defense, and there is no indication that the codefendants, their attorneys, or any other person instructed Mr. Serna on how to conduct the defense. Moreover, it was not until long after the sentencing proceedings that Mr. Gastelum informed Mr. Serna that it was Mr. Hernandez who had hired him to make the train trip from Los Angeles to Chicago. Thus, Mr. Gastelum has not identified any evidence available at the time of sentencing that Mr. Serna could have presented to contest the leader-organizer enhancement. Indeed, at that point in the proceedings, Mr. Hernandez's post-arrest statement that Mr. Gastelum had hired him for the trip provided support for the government's requested

5

enhancement.

III.  CONCLUSION

Because Mr. Gastelum has failed to support his contention that his counsel had an actual conflict of interest, we DENY his application for a certificate of appealability and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
United States Circuit Judge