**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD SCOTT HILGERT,

Petitioner-Appellant,

v.

GARY STOTTS and THE KANSAS
PAROLE BOARD,

Respondents-Appellees.

No. 01-3100
(D.C. No. 97-CV-3097-DES)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner Donald Scott Hilgert appeals from the district court's decision

denying his petition for habeas relief, filed under 28 U.S.C. § 2254. Mr. Hilgert

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

now seeks a certificate of appealability (COA) from this court pursuant to 28 U.S.C. § 2253(c)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and dismiss the appeal.

Mr. Hilgert was convicted in Kansas state court of aggravated incest, and his conviction was affirmed on direct appeal. Mr. Hilgert makes thirteen[1] distinct arguments in his petition for COA:

(1)  That he was denied the right to counsel due to interference by his mother in his representation.

(2)  That the prosecution was required to indict Mr. Hilgert by grand jury.

(3)  That if the prosecution was not required to proceed by grand jury indictment, it was required to proceed by information.

(4)  That the Assistant District Attorney had no standing to bring the complaint against Mr. Hilgert.

(5)  That certain Kansas statutes governing initiation of prosecution are unconstitutionally vague.

(6)  That the state's amended and second amended complaint were invalid.

(7)  That he was convicted of a crime other than the one for which he was charged.

---

[1]  These arguments are identical to those made before the district court. In addition, Mr. Hilgert makes general assertions that (1) it is unfair to permit the prosecution to commit procedural errors while concluding that Mr. Hilgert's arguments are procedurally barred, and (2) "[t]he State is still doing all it can to deny due process." Pet. at 22. We decline to address these arguments because they are general assertions subsumed in Mr. Hilgert's other allegations of error.

(8) That he was denied his statutory right to a speedy trial.

(9) That he was denied a right to a fair trial because the prosecution "coached" the victim in his testimony.

(10) That the complaint was not drawn in the language of the statute.

(11) That the instructions to the jury failed to recite all elements of the charge.

(12) That Mr. Hilgert received ineffective assistance of counsel.

(13) That his attorney operated under a conflict of interest.

We grant COA only if an appellant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where the district court has denied a petition on the merits, we grant COA only if it is reasonably debatable that the district court erred in its assessment of the constitutional claims. *See Slack*, 529 U.S. at 484. Where the district court has denied habeas relief on procedural grounds, we grant COA only if (1) it is reasonably debatable that the petition states a valid claim of denial of a constitutional right, and (2) it is reasonably debatable that the district court erred in its procedural ruling. *See id.*

Of Mr. Hilgert's thirteen allegations of error, the district court concluded that nine were procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (federal habeas petition barred where petitioner failed to meet state procedural requirements). Mr. Hilgert has not raised any doubt as to the

-3-

correctness of the district court's conclusion on this point. Rather, he concedes that many of his arguments are waived, but points to this as evidence that he received ineffective assistance of counsel. As the district court properly concluded, however, Mr. Hilgert's ineffective assistance argument itself was also waived when he declined to pursue it before the Kansas Court of Appeals. *See* 28 U.S.C. §§ 2254(b), (c) (requiring petitioner to fully exhaust avenues of relief in state court).

On the four remaining issues, the district court reasoned as follows: The argument that Mr. Hilgert was denied the right to a speedy trial fails because it is a question of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (state-court determinations of state-law claims will not be examined in federal habeas proceedings). The argument that Mr. Hilgert was denied a fair trial because the victim was "coached" in his testimony fails because Mr. Hilgert's allegation is utterly unsupported by any evidence. [2] The argument that the trial court erred in its instructions fails because the instructions tracked the elements of the offense exactly. *See United States v. Beers*, 189 F.3d 1297, 1300-01

---

[2] In connection with this argument, Mr. Hilgert has submitted a "Motion for Leave to File a Supplement to Appellant's Opening Brief," in which he purports to offer newly discovered evidence that his son was coached in his testimony. Contrary to Mr. Hilgert's assertions, this evidence--in the form of a psychological evaluation of Mr. Hilgert's son--is ambiguous at best. In any case, because we decline to grant Mr. Hilgert a certificate of appealability, his motion is denied as moot.

(10th Cir. 1999) (no error if instructions taken as a whole correctly state governing law). Finally, the argument that Mr. Hilgert's trial counsel labored under a conflict of interest fails because Mr. Hilgert failed to allege any specific instance in which his attorney was forced "to make choices advancing other interests to the detriment of his client." *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998).

Nothing in Mr. Hilgert's briefing nor the record on appeal calls into question the soundness of the district court's conclusions. We do not find it debatable that the district court erred in its assessment of either the procedurally barred claims or the claims it considered on the merits.

Therefore, for substantially the same reasons set forth in the district court's memorandum and order, we DENY petitioner's application for a certificate of appealability, and the appeal is DISMISSED. Petitioner's "Motion to File a Supplement to Appellant's Opening Brief" is DENIED as moot.

Entered for the Court

John C. Porfilio
Circuit Judge