**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAMON ORTIZ-SALGADO,

    Petitioner - Appellant,

v.

GARY WATKINS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 02-1044

(D.C. No. 01-D-12)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Petitioner Ramon Ortiz-Salgado, a state prisoner appearing pro se, seeks a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability to appeal the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We deny a certificate of appealability and dismiss the appeal.

Petitioner was convicted of first degree murder and a crime of violence in 1989. On appeal, the Colorado Court of Appeals remanded for a new trial. In 1993, he was retried and found guilty of the same charges, and was sentenced to life imprisonment with eligibility for parole after forty years. On appeal, the Colorado Court of Appeals affirmed his conviction. His request for post-conviction relief was denied.

Petitioner filed his § 2254 petition on January 3, 2001, alleging (1) his right to due process was violated when the trial court submitted the prosecution's complicity instruction to the jury, (2) prosecutorial misconduct, and (3) ineffective assistance of trial counsel. The district court found that petitioner had adequate notice of the complicity instruction because the same instruction was given at his second trial as was given at his original trial, and petitioner was represented at his second trial by one of his original attorneys. The court also found that the prosecutor's remarks did not "so [infect] the trial with unfairness as to make the resulting conviction a denial of due process." Order at 12. The court further found that petitioner failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness or that counsel's deficient performance resulted in prejudice to his defense.

*Complicity instruction* – Petitioner argues that if he had been apprised of the

2

proposed complicity instruction by his trial counsel, he would have testified instead of remaining silent. To the extent that petitioner argues he was denied effective assistance of counsel based on his defense counsel's failure to inform him of the complicity instruction in either trial, such argument was not presented in the district court and will not be addressed here. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992).

*Prosecutorial misconduct* – Petitioner alleges four instances of prosecutorial misconduct: (1) giving a personal opinion during opening statement regarding motive; (2) commenting that petitioner did not make any statements to the police at the time of his arrest; (3) giving a personal opinion during closing argument that petitioner was guilty and that prosecution witnesses were telling the truth; and (4) implying defense counsel was acting improperly while the prosecution was acting honorably.

To constitute a due process violation, the prosecutorial misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial." United States v. Bagley, 473 U.S. 667, 676 (1985). When a defendant contends a prosecutor's statement rendered the trial fundamentally unfair, it is important, as an initial matter, to place the remarks in context. See Greer v. Miller, 483 U.S. 756, 766 (1987). A prosecutor's improper comment or argument will require reversal of a state conviction only where the remarks sufficiently infect the trial so as to make it fundamentally unfair and, therefore, a denial of due process. See Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974). We agree with the district court that the prosecutor's remarks did not so

3

infect the trial with unfairness as to make the resulting conviction a denial of due process.

*Ineffective assistance of trial counsel* – Petitioner claims defense counsel had a conflict of interest and that counsel failed to communicate a proposed plea offer or to inform petitioner of his right to testify. To establish the denial of effective assistance of counsel, petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense and deprived petitioner of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The issue of whether counsel was ineffective is a mixed question of fact and law. See id. at 698.

Petitioner relies on the fact that after his original conviction had been appealed, but before the second trial began, he filed a grievance against his counsel. On appeal from the denial of post-conviction relief, the Colorado Court of Appeals determined that petitioner had failed to show an *actual* conflict of interest. "An actual conflict of interest results if counsel was forced to make choices advancing other interests to the detriment of his client." United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 1998). "Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance." Id. On appeal from the denial of post-conviction relief, the Colorado Court of Appeals found there was no evidence in the record that trial counsel was required to make choices advancing his own interests to petitioner's detriment. The court stated that trial counsel testified that the grievance related primarily

4

to whether an appeal was properly filed following the first trial.

As for petitioner's claim that defense counsel failed to inform him of a proposed plea offer and the right to testify, the federal district court and the Colorado Court of Appeals deferred to the state trial court's factual determination that trial counsel did communicate this information to petitioner. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

As petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(B), we DENY a certificate of appealability, DENY his motion to proceed in forma pauperis on appeal, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5