**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MANUEL SAVALA RAMIREZ,

      Defendant-Appellant.

No. 04-8102

(D. of Wyo.)

(D.C. No. 03-CV-12-J)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

Defendant-Appellant Manuel Savala Ramirez, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his motion pursuant to 28 U.S.C. § 2255. On appeal, Ramirez also argues that his sentence violates the principles of *Blakely v. Washington* , 124 S. Ct. 2531 (2004).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Because Ramirez has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny the COA and dismiss the appeal. We also deny Ramirez's claims under *Blakely*.

## Background

On January 23, 2001, a two-count indictment was filed against Ramirez in the United States District Court in Cheyenne, Wyoming, charging him with conspiracy to possess with the intent to distribute and to distribute methamphetamine, and distribution of methamphetamine. Following the indictment, Ramirez was arrested in Washington and transferred back to Wyoming. Thereafter, a two-count information was filed against him in the Eastern District of Washington, charging him with conspiracy to possess with the intent to distribute and distribution of more than 500 grams of methamphetamine, and money laundering.

Prior to trial in Wyoming, Ramirez waived indictment on the Washington charges and agreed to have them transferred to Wyoming. He pled guilty to both counts of the Washington information and stipulated to the relevant conduct in Count One involving 18 pounds of a mixture containing methamphetamine, and the relevant conduct in Count Two involving money laundering. The government eventually dismissed the original Wyoming charges. On January 18, 2002, the

district court sentenced Ramirez to 320 months of incarceration on Count One and 240 months of incarceration on Count Two. Ramirez did not appeal his sentence.

Thereafter, Ramirez filed a § 2255 motion, citing four allegations of ineffective assistance of counsel. First, Ramirez alleged that counsel did not visit him in jail and inappropriately permitted him to be interviewed for two presentence investigation reports. Second, Ramirez alleged that counsel had a conflict of interest because he was being investigated for money laundering charges related to Ramirez's case. Third, Ramirez alleged that counsel was intoxicated at sentencing. Fourth, Ramirez alleged that counsel failed to pursue a direct appeal. In a thorough opinion, the district court rejected each claim and declined to grant COA. On appeal, Ramirez brings an additional claim under *Blakely.*

## Analysis

## I. Certificate of Appealability

This court may only grant a COA and entertain Ramirez's appeal if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To make the necessary showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). The role of this court is not to engage in full consideration of the factual or legal bases adduced in support of the claims, but rather to conduct an "overview of the claims in the habeas petition and a general assessment of their merits." *Id.* In this case, Ramirez's four claims of ineffective assistance of counsel lack merit.

In order to succeed on a claim of unconstitutional ineffective assistance of counsel, Ramirez must satisfy the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), which consists of two components. First, Ramirez must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, Ramirez must show that the "deficient performance prejudiced the defense." *Id.* This requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* We agree with the district court that Ramirez has not met this standard.

**A. Presentencing Conduct**

Ramirez contends that counsel was ineffective because he failed to visit Ramirez in jail in Cheyenne. However, as the district court correctly noted, Ramirez failed to show prejudice with respect to this accusation. Without such a showing, this claim fails.

Ramirez also contends that counsel inappropriately allowed him to be interviewed for two separate presentence investigation reports. Again, Ramirez fails to show how he was prejudiced by being interviewed without the presence of his attorney. Thus, this claim also fails.

Finally, Ramirez contends that counsel did not fully explain the contents of his presentence report. He does not allege, however, that counsel failed to review the report with him. As the district court noted, the sentencing transcript indicates that Ramirez and his counsel did in fact discuss the contents of the report prior to the sentencing hearing. In any event, Ramirez again fails to show prejudice with respect to counsel's alleged failure to adequately address his concerns about the contents of his presentence report.

## B. Conflict of Interest

Next, Ramirez argues that counsel was ineffective due to his conflict of interest. To support this allegation, Ramirez states that counsel was being investigated for money laundering charges related to Ramirez's case, and that he sounded "nervous" in a telephone call to Ramirez.

To prevail on his claim of alleged conflict of interest, Ramirez must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Selsor v. Kaiser*, 22 F.3d 1029, 1032 (10th Cir. 1994). An actual conflict of interest exists "if

counsel was forced to make choices advancing other interests to the detriment of his client.  Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance."     *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) (internal citations omitted).  Ramirez's allegations do not meet this standard.  He fails to point to specific instances of actual conflict in which counsel made any choices advancing any interest other than Ramirez's.  As such, we agree with the district court that this claim lacks merit.

### C.  Use of Alcohol

Ramirez also claims that counsel was ineffective because he was intoxicated at Ramirez's sentencing hearing.  However, we agree with the district court that Ramirez can point to nothing in the record to support the truthfulness of this claim.  The record, in fact, shows counsel's performance at the hearing was adequate and no inference of intoxication can be drawn.  Because Ramirez cannot show prejudice, this claim also lacks merit.

### D.  Direct Appeal.

Finally, Ramirez claims that counsel was ineffective because he failed to pursue a direct appeal.  Again, however, Ramirez has failed to adequately demonstrate that counsel acted against his wishes or failed to discuss appeal options with him.  Thus, this claim also lacks merit.

Because we agree with the district court that Ramirez has not shown a denial of a constitutional right as provided by 28 U.S.C. § 2253(c)(2), we must deny a certificate of appealability.

## II. Blakely Claims

On appeal, Ramirez argues that his sentence was unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, as this court recently held in *United States v. Price*, No. 04-7058, 2005 WL 535361 (March 8, 2005), because *Blakely* provides a new rule of criminal procedure, it is not subject to retroactive application on collateral review. Specifically, *Blakely* does not apply retroactively to convictions that were already final at the time the Supreme Court decided *Blakely* on June 24, 2004. *Id.* at *5. As such, Ramirez's claim is inappropriate in this forum.

For the aforementioned reasons, we DENY COA and DENY Ramirez's claim that his sentence is unconstitutional under *Blakely*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge