FILED
United States Court of Appeals
Tenth Circuit

December 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS SCOTT GREEN,

        Petitioner-Appellant,

v.

PATRICK SNEDEKER,

        Respondent-Appellee.

No. 09-2120

(D. of N.M.)

(D.C. No. CV-03-1348-RB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Douglas Scott Green, a New Mexico state prisoner, seeks to appeal the

denial of his federal habeas petition. Green argues his conviction should be

reversed because his trial counsel labored under an unconstitutional conflict of

interest. Because we conclude he fails to demonstrate that reasonable jurists

would find the district court's assessment of his constitutional claims debatable or

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we DENY a certificate of appealability (COA) and DISMISS the petition.

## I. Background

Green was convicted in New Mexico state court of trafficking cocaine and was sentenced to thirteen years imprisonment. Green alleges several events involving his retained counsel occurred during the trial that affected his representation. At the time, Green's counsel was in the middle of a multi-year divorce and child custody dispute with his wife. His wife happened to work for the district attorney's office that was prosecuting Green, and portions of his divorce proceedings were before the judge that was presiding over Green's trial. The trial judge cancelled one of counsel's divorce hearings, which counsel claimed caused him to be distracted while he was supposed to be preparing for an important cross-examination. Later in Green's trial, counsel's wife served him with a subpoena requiring him to produce a number of documents concerning his divorce. Although the trial judge gave Green's counsel additional time to produce the documents in light of the ongoing trial, counsel suggested to the court that the divorce matter was interfering with his ability to represent Green.

In addition to the divorce-related distractions, prosecutors alleged that Green's counsel publicly divulged the name of a confidential informant who was the government's key witness at trial. The prosecutors threatened disciplinary action against Green's counsel for the alleged leak while the trial was ongoing.

On appeal, Green claims the threatened disciplinary action affected his counsel's performance.

After being convicted, Green brought unsuccessful state direct and habeas appeals alleging his counsel had a conflict of interest. Green initially filed a pro se application for a federal writ of habeas corpus, and the magistrate judge recommended against relief. The district court rejected the magistrate judge's recommendation, appointed counsel for Green, and directed the magistrate judge to hear evidence with respect to counsel's performance at trial. The magistrate judge conducted an evidentiary hearing in which trial counsel and Green testified. The trial judge submitted testimony by affidavit.

The magistrate judge construed Green's claims as alleging ineffective assistance of counsel and again recommended a denial of habeas relief. The district court accepted the magistrate's recommendation with slight modifications. The district court left undisturbed the magistrate judge's analysis of Green's claims under the ineffective assistance standard, even though Green had argued that he was also bringing conflict of interest claims.

## II. Discussion

The Sixth Amendment encompasses a right to effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and "a correlative right to representation [by counsel] that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). A defendant will prevail on an ineffective

assistance of counsel claim only when he demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, while a defendant can succeed on a conflict of interest claim by simply showing that "a conflict of interest actually affected the adequacy of his representation," *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980).

Green argues that the district court erred when it applied *Strickland* instead of *Sullivan* to his claims. A conflict of interest under *Sullivan* "results if counsel was forced to make choices advancing other interests to the detriment of his client." *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998). When a defendant cannot point to specific facts to substantiate his conflict of interest claim, he may attack his counsel's assistance through the "general rule" of *Strickland*. *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). Liberally construed, Green's pro se habeas petition states a conflict of interest claim, *see* Attachment to Application for a Writ of Habeas Corpus ("a conflict of interest arose between trial judge Robert Robles & def. counsel"), and, after his appointment, Green's federal habeas counsel also advanced conflict of interest claims, *see, e.g.*, Petitioner's Proposed Findings of Fact and Conclusions of Law at 18. The district court did not reference *Sullivan*, and it did not explain why it analyzed Green's claims under ineffective assistance instead of conflict of interest jurisprudence.

After reviewing the record carefully, we agree with the district court that Green's claims are best read as ineffective assistance of counsel claims brought under *Strickland*. But given the current posture of this appeal—a request for a COA—we will analyze Green's claims under both the *Sullivan* and *Strickland* standards. We conclude that under either standard, reasonable jurists would find the district court's denial of habeas relief correct and beyond debate.

### A.  *Conflict of Interest Claims Under* Sullivan

Green alleges his counsel had three conflicts of interest that affected his representation at trial.

*First,* Green contends the fact his counsel was involved in a drawn out divorce and custody dispute before the same judge who presided over the narcotics case created a conflict.

The trial judge had presided over the counsel's divorce proceedings for a number of years before Green's trial. Midway through trial, as the government's examination of a key witness was about to end and Green's cross-examination was set to begin, the judge asked the lawyers to estimate when the trial would finish so that he could decide whether to call back the jury for a final day. Green's lawyer suggested that the judge plan on the trial continuing through the next day. The judge responded that he had "cleared off" his schedule for the following day, although he did not specifically refer to the lawyer's divorce hearing. T. Tr. Vol. II at 335. After the court's noon recess but before the jury

returned, the judge proposed that the jury be given the choice to stay through the evening or return for another day of trial. Green's lawyer responded that giving the jury the choice "wouldn't bother me either, Judge." *Id.* at 337. But Green's lawyer also acknowledged that he had been "clearly troubled" over the break by the judge's announcement canceling his divorce proceeding. *Id.* However, the judge explained that the proceeding had been canceled not because of Green's trial, but because the divorce matter had been referred to a Child Support Hearing Officer—apparently a fact Green's lawyer had not known until then. The judge *sua sponte* offered to recuse himself from the divorce case, but Green's lawyer seems to have rejected that offer.

Green argues that the concurrent scheduling of his counsel's divorce proceeding and the narcotics trial affected his counsel's representation in his case. He contends counsel was flustered by his colloquy with the judge about the divorce proceedings immediately before the cross-examination of a key witness. As a result, counsel rushed the cross-examination and then his closing argument presumably to accommodate his own divorce hearing or to curry favor with the trial judge.

Green's theory that his defense was cut short to benefit counsel's divorce proceedings fails because the timing of the two matters presented no conflict of interest. As the trial judge stated, he cancelled counsel's divorce hearing before it appeared the trial was going to continue for a final day, and it was cancelled for

reasons independent of the trial schedule. Moreover, after the judge informed counsel of the cancellation, it was *counsel* who urged the trial to be scheduled for a final day and the *judge* who proposed the trial continue into the evening so that a final day could be avoided. Thus, even if the trial's length could have affected the scheduling of the divorce hearing—a proposition the trial record does not support—counsel was the primary advocate for a final day of trial, a position contrary to his alleged personal interest.

Similarly, to the extent Green contends his counsel attempted to curry favor with the judge in a way that affected Green's representation, the record does not reveal it. Under this theory, Green argues the judge preferred a quick trial and his lawyer was willing to placate the judge at the expense of his client. But, to the contrary, the record reveals that Green's lawyer pushed the judge to continue the trial into a final day to allow more time for cross-examination of a key witness. Apparently, Green's lawyer thought that the judge was upset with him, remarking that he took exception to the judge's "tenor and tone." T. Tr. Vol. II. at 339. If the lawyer actually were concerned with the judge's attitude towards him and the effect it would have on his divorce proceedings, it would be logical for the lawyer to relent in his demands for more trial time or accept the judge's unsolicited offer to recuse himself from the divorce matter. Yet, counsel did neither.

Finally, Green points to his counsel's abbreviated closing argument as evidence of the lawyer's conflict of interest. But counsel testified at the

evidentiary hearing—which Green otherwise strenuously urges us to credit—that he presented a short closing argument for strategic reasons.

*Second,* Green alleges a conflict of interest related to the prosecutor's investigation of counsel for leaking the name of a confidential informant who served as a key witness. Assuming for the sake of argument that an investigation of a lawyer related to his trial work could form a conflict of interest claim, Green has made no specific allegations of how this conflict affected the lawyer's representation. *See Castro v. Ward*, 138 F.3d 810, 821 (10th Cir. 1998) ("Unsubstantiated and vague allegations are insufficient to establish an actual conflict of interest."). As best we can tell, Green appears to argue that counsel's short closing statement was a result of all of his conflicts of interest. Inasmuch as Green argues the threatened disciplinary action against counsel resulted in a deficient closing argument, the record does not support such a conclusion.

*Third,* Green argues that counsel had a conflict of interest because his wife was a manager at the District Attorney's office, and she had a subpoena served on him during trial. These facts in no way form the basis of a conflict of interest. While undoubtedly distracting, the record does not support a contention that counsel was unable to effectively represent Green, nor does it appear the incident caused counsel to favor the prosecution.

\* \* \*

In sum, even if the district court had assessed Green's claims under *Sullivan*, reasonable jurists would not find the court's denial of habeas relief debatable or wrong.

### B. *Ineffective Assistance Claims Under* Strickland

The district court's conclusion that Green's ineffective assistance of counsel claims failed the *Strickland* standard is correct and beyond reasonable debate.

To prove unconstitutional ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors," the outcome would have been different. *Strickland*, 466 U.S. at 688, 694. "There is a strong presumption that counsel's performance falls within the wide range of professional assistance; the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (internal citations and punctuation omitted).

Despite Green's *Sullivan* claims stating that the defense lawyer was under tremendous time pressure, Green does not specifically allege his counsel unreasonably cross-examined any witness. The only specific instance of

ineffective assistance that Green alleges is the abbreviated closing argument. However, counsel testified that his short closing was a strategic trial decision.

Green has not explained any prejudice from counsel's closing argument, and in light of the prosecution's short presentation, none seems plausible. The case turned on the credibility of witnesses, and counsel's cross-examination of them was skillful. We cannot see how a longer closing argument would have made a difference in the trial's outcome.

We agree with the district court that Green has failed to show any prejudice from counsel's performance at trial.

Accordingly, we DENY Green's request for a COA.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge