**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SHEVEL M. FOY,

     Defendant - Appellant.

No. 13-3157
(D.C. Nos. 2:07-CR-20168-JWL-4 &
2:12-CV-02677-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Shevel M. Foy, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to set aside or correct his sentence. Exercising jurisdiction under 28 U.S.C.

§ 1291, we reject Mr. Foy's request for a COA and dismiss the matter.

---

     * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

     [1] Because Mr. Foy is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

## I. BACKGROUND

In 2009, a jury found Mr. Foy guilty of two charges, including conspiracy "to manufacture, possess with intent to distribute, or to distribute cocaine base and/or cocaine in violation of 21 U.S.C. §§ 841(a)(1), . . . 846 and 18 U.S.C. § 2." *United States v. Foy*, 641 F.3d 455, 460 (10th Cir. 2011). The district court sentenced him to 360 months in prison. *Id.* Much of the government's evidence came from intercepted telephone conversations between Mr. Foy and his co-defendant, Monterial Wesley. In these conversations, Mr. Foy and Mr. Wesley discussed "(1) pooling their money together to pay for large quantities of cocaine; (2) how to resolve an $8,000 deficiency in their payments to their drug source, Thomas Humphrey; (3) coordinating the distribution of large amounts of fronted drugs; and (4) absconding with large amounts of fronted drugs." *Id.* at 461. On May 23, 2011, this court affirmed his conviction and sentence on the conspiracy charge. *Id.* at 470.

Mr. Foy filed a 28 U.S.C. § 2255 motion with the district court to vacate his sentence, presenting two claims. First, he argued that he had received ineffective assistance of counsel in violation of his Sixth Amendment rights because his trial counsel had a financial conflict of interest that adversely affected his defense. Second, he claimed that newly discovered evidence, an affidavit provided by Mr. Wesley after the trial, demonstrated his actual innocence.

The district court denied Mr. Foy's § 2255 motion. The court held that because Mr. Foy failed to provide evidence linking his trial counsel's performance to concern

over payment of attorney's fees, Mr. Foy had, at most, shown only the *possibility* of his attorney having a financial conflict of interest. Because Mr. Foy failed to demonstrate an actual conflict of interest, the court concluded that his ineffective assistance of counsel claim was without merit.

The district court also held that because Mr. Wesley's affidavit contained information that Mr. Foy would have been aware of before trial, the affidavit was not "newly discovered" evidence. Even if it were newly discovered evidence, the court concluded that it would not support Mr. Foy's actual innocence claim because other evidence provided substantial support for the jury's verdict. For these reasons, the district court denied Mr. Foy's motion and refused to issue a COA.

## II.    DISCUSSION

Mr. Foy argues that we should grant a COA for his claims of ineffective assistance of counsel and newly discovered evidence of actual innocence.

To challenge the district court's order denying his § 2255 petition, Mr. Foy must receive a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To receive a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

-3-

## 1. Ineffective Assistance of Counsel

We generally consider ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner to "prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result." *Boyd v. Ward*, 179 F.3d 904, 913 (10th Cir. 1999) (citing *Strickland*, 466 U.S. at 687). If, however, a movant "shows that a conflict of interest actually affected the adequacy of his representation," then prejudice is presumed. *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980); *see also United States v. Alvarez,* 137 F.3d 1249, 1251 (10th Cir.1998). Demonstrating the *possibility* of a conflict is not enough. *Id.* at 1252. The petitioner "must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party." *Id.* (citations omitted) (quotations omitted).

Mr. Foy argues that his lawyer had a conflict of interest that affected the adequacy of representation. He contends that his trial counsel (1) pressured him to take a plea deal because counsel was concerned about not being paid for trial expenses; (2) moved to withdraw because Mr. Foy would not accept a plea agreement; and (3) told Mr. Foy's friend that Mr. Foy's insistence on going to trial would "bankrupt" counsel's practice. Mr. Foy argues that his counsel's concerns about trial costs led to inadequate preparation for trial.

Mr. Foy's allegations are deficient. They demonstrate the possibility of a conflict of interest but fall short of satisfying the actual conflict requirement.  In *Caderno v. United States*, 256 F.3d 1213 (11th Cir. 2001), the movant's trial counsel had sent letters after the trial complaining about not being paid attorney's fees and, citing reasons other than financial concerns, filed a motion to withdraw.  *Id.* at 1218-19.  Affirming denial of a § 2255 motion, the court concluded that the movant's allegations of a conflict were speculative, holding that "[a]lthough a defendant's failure to pay fees may cause some divisiveness between attorney and client, courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client." *Id.* at 1219 (quoting *United States v. Taylor*, 139 F.3d 924, 932 (D.C. Cir. 1998) (quotations omitted)); *see also United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997)).

Mr. Foy's contentions are even more speculative than those in *Caderno*.  He does not even allege that he failed or would be unable to pay attorney fees.  His counsel's motion to withdraw is not evidence of a financial conflict of interest; it cites a complete breakdown in communication as the basis for the motion—not financial concerns.

Mr. Foy alleges that his trial counsel's performance was deficient because government witness Thomas Humphrey was not impeached at trial.  But Mr. Foy states in his request for COA that he and his trial counsel had plenty of conversations in which Mr. Foy said he had never seen Mr. Humphrey.  Mr. Foy's trial counsel, therefore, had spent significant time before trial considering Mr. Humphrey's relationship with Mr. Foy.

Counsel's failure to impeach Mr. Humphrey was not due to inadequate preparation resulting from the alleged financial conflict of interest.

In sum, Mr. Foy does not show that any purported deficiencies in his representation were linked to the alleged financial conflict of interest. He has therefore shown only the possibility of a conflict of interest.[2] *See Alvarez*, 137 F.3d at 1252. Absent a demonstration of an actual conflict of interest that affected Mr. Foy's representation, we cannot presume that any deficiencies in his representation were prejudicial. *See Cuyler*, 446 U.S. at 349-50.

Without the benefit of a presumption of prejudice from an actual conflict of interest, even if we assume that Mr. Foy received deficient representation, he must satisfy the second element of the *Strickland* test and show that the deficient representation was prejudicial. *See Boyd*, 179 F.3d at 914 (citing *Strickland*, 466 U.S. at 687). Considering

_____

[2] We find persuasive value in *United States v. Ohiri*, 287 F. App'x 32 (10th Cir. 2008) (unpublished); *see also* 10th Cir. R. 32.1(A) (permitting citation of unpublished cases for persuasive value). In *Ohiri*, the movant's trial counsel filed a post-trial affidavit stating that the movant owed him a $35,000 debt, and that, having just completed a different trial, he would have been unprepared to proceed in the movant's trial without a continuance. *Ohiri*, 287 F. App'x at 38. The movant argued that these circumstances resulted in his trial counsel failing to conduct an adequate investigation or effectively cross-examine witnesses. *Id.* at 39. But because no evidence showed that these alleged deficiencies were linked to the petitioner's debt, we held that the movant only established the possibility of a financial conflict of interest and therefore the ineffective assistance claim failed. *Id.*

Mr. Foy likewise fails therefore to establish the link between the allegedly deficient representation and the alleged conflict of interest. Indeed, his case is even weaker than *Ohiri* for establishing a financial conflict of interest because Mr. Foy does not allege that he owed a debt to his attorney or would be unable to pay his legal fees.

the substantial evidence of Mr. Foy's participation in the conspiracy—particularly the intercepted phone calls between Mr. Foy and Mr. Wesley—the alleged deficiencies in his representation could not have been prejudicial. Reasonable jurists could not debate that his ineffective assistance of counsel claim fails.

## 2. Newly Discovered Evidence of Actual Innocence

Mr. Wesley was one of Mr. Foy's co-defendants and co-conspirators. He provided an affidavit after Mr. Foy's trial. Mr. Foy contends this affidavit contains newly discovered, exculpatory evidence. The affidavit avers that Mr. Foy was merely Mr. Wesley's customer, not a co-conspirator; that Mr. Foy never received drugs from him on consignment; that they did not have an agreement to sell drugs together; that they never shared profits from drug sales; and that Mr. Wesley never relied upon Mr. Foy as his supplier or mediator in the drug trade.

Mr. Wesley's affidavit, however, does not provide newly discovered evidence. "If a former codefendant who originally chose not to testify subsequently comes forward and offers testimony exculpating a defendant, the evidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial." *United States v. Muldrow*, 19 F.3d 1332, 1339 (10th Cir. 1994). Mr. Wesley invoked his Fifth Amendment right to refuse to testify during Mr. Foy's trial. The information in Mr. Wesley's affidavit relates to the nature and extent of his relationship with Mr. Foy, facts that would have been known to Mr. Foy at the time of the trial. *United States v. Maestas*, 523 F.2d 316, 320 (10th Cir. 1975) (evidence regarding defendant's prior relationship with witness was not

newly discovered as it was clearly within defendant's knowledge before the trial). Mr. Wesley's affidavit is, accordingly, not newly discovered evidence for purposes of his § 2255 motion.

Mr. Foy asserts that his claim should prevail on actual innocence grounds even if the affidavit is not newly discovered because it shows that he was not involved in the conspiracy. But Mr. Wesley's affidavit falls far short of showing "that it is more likely than not that no reasonable juror would have convicted [Mr. Foy] in the light of the new evidence" given the evidence of the intercepted conversations between Mr. Foy and Mr. Wesley. *Schlup v. Delo*, 513 U.S. 298, 327. We therefore reject his claim as having no merit.

### III.    CONCLUSION

We conclude that reasonable jurists could not debate whether the district court should have granted Mr. Foy's petition. Accordingly, we reject Mr. Foy's application for COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge