**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL SANTISTEVAN,

    Defendant - Appellant.

No. 20-1371
(D.C. No. 1:11-CR-00406-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Manuel Santistevan, a federal inmate appearing pro se, appeals from the

district court's order denying his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A).  Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that

the district court did not abuse its discretion and affirm.

Title 18 U.S.C. § 3582 authorizes courts to modify a sentence upon motion of

a defendant who has exhausted his administrative rights where, after considering the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant" a sentence reduction and (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1] We review the district court's denial of a motion for compassionate release for abuse of discretion. United States v. Mannie, 971 F.3d 1145, 1154–55 (10th Cir. 2020).

In July 2012, Mr. Santistevan, along with two other inmates, was convicted of aggravated sexual abuse of a federal prisoner, 18 U.S.C. § 2241(a)(1), after the prisoner declined an "offer" of protection. His conviction, along with those of his codefendants, was affirmed on direct appeal. United States v. Shaw, 562 F. App'x 593 (10th Cir. 2014). Mr. Santistevan was sentenced to 262 months of imprisonment, which he is serving at FCI Victorville. His projected release date is March 14, 2030.

Mr. Santistevan requested compassionate release on the basis that his medical conditions, which include hypertension, high blood pressure, asthma, hepatitis C, and other physical ailments, place him at high risk for complications should he contract COVID-19. The government conceded that his medical conditions qualify as

---

[1] Some courts have concluded that our consideration of "extraordinary and compelling" reasons for a sentence reduction are no longer tethered to U.S. Sentencing Guidelines Manual § 1B1.13 Application Note 1(D) after the First Step Act of 2018. See, e.g., United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). We need not decide this issue as the government concedes that extraordinary and compelling reasons exist, but that the motion for compassionate release should be denied based on consideration of the § 3553(a) factors. Aplee. Br. 12.

extraordinary and compelling reasons that could warrant compassionate release and further agreed that Mr. Santistevan had exhausted his administrative remedies. However, after considering the § 3553(a) factors, the district court determined that a sentence reduction was not appropriate. The district court reasoned that, if released, Mr. Santistevan presented a high risk of danger to the public based on his criminal history, which included eighteen arrests on charges of violence, drug offenses, and property crimes. 8 R. 223–24. The district court also considered that Mr. Santistevan had served less than 50% of his sentence and that a drastic sentence reduction would not reflect the seriousness of his offense, which involved the leadership role in "the extortion, brutal assault and rape of a fellow inmate." 8 R. 223–24.

On appeal, Mr. Santistevan argues that he is at high risk given his underlying medical conditions and these conditions would substantially diminish his ability to provide self-care should he contract COVID 19. However, the government conceded that his medical conditions constituted "extraordinary and compelling" reasons but argued that the § 3553(a) sentencing factors militated against release. Next, Mr. Santistevan argues that the district court erred by addressing his past record (a crime he urges "didn't happen"). Aplt. Br. 4. However, § 3582(c)(1)(A) requires district courts to consider the § 3553(a) factors, among which are "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Lastly, Mr. Santistevan argues that the district court failed to consider § 3553(a)(2)(D), which provides that a district court "shall consider . . . the

3

need for the sentence imposed . . . to provide the defendant with needed medical care . . . in the most effective manner." Aplt. Br. 4. While he argues that the Bureau of Prisons efforts are inadequate to date, he does not contest that the Bureau of Prisons is attempting to deal with the problem.

In reply, Mr. Santistevan also challenges the calculation of his guidelines sentencing range. However, issues and arguments first raised in reply are deemed waived. United States v. Alvarez, 137 F.3d 1249, 1251 n.3 (10th Cir. 1998).

The district court considered the various factors, explained them, and its conclusion does not constitute an abuse of discretion. See Mannie, 971 F.3d at 1158.

AFFIRMED. We GRANT his motion to proceed IFP.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge