**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 13-8001<br>(D.C. Nos. 2:12-CV-00107-NDF and<br>2:07-CR-00239-NDF-1)<br>(D. Wyo.) |
| ESTEBAN CORNELIO-LEGARDA, | |
| Defendant-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

A jury convicted Esteban Cornelio-Legarda of a number of drug-related crimes, a result this court affirmed on appeal. *See United States v. Cornelio-Legarda*, 381 F. App'x 835 (10th Cir. 2010). Mr. Cornelio-Legarda then filed a motion under 28 U.S.C. § 2255, seeking to undo his conviction. The district court found nothing meritorious in the motion and denied relief in a thorough 39-page order. Mr. Cornelio-Legarda now asks us for a certificate of appealability ("COA"), as he must in order to challenge that decision.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant a COA only if Mr. Cornelio-Legarda makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Cornelio-Legarda tries to surmount this standard by arguing his lawyer's assistance at trial was ineffective because of a conflict of interest that arose when he filed a grievance with the state bar association. We don't doubt there's a potential for a conflict to arise when a client files a bar grievance about his lawyer's conduct, but to state that an actual conflict always and necessarily does arise is not entirely accurate either. As the district court observed, sometimes a complaint may actually have the opposite effect, lighting a fire under the lawyer and encouraging him to do his best in order to prove that the complaint has no merit. That's what the district court found happened in this case, and Mr. Cornelio-Legarda supplies no basis on which reasonable people might debate its conclusion.

The district court also acknowledged that sometimes complaints and conflicts can lead to a total breakdown in attorney-client communications and that this may itself give rise to a presumption of ineffectiveness. *See Hale v. Gibson*,

227 F.3d 1298, 1313 (10th Cir. 2000). But the court again found no such problem arose here and we see nothing debatable in its conclusion. Neither is the unrealized *potential* for a conflict legally sufficient for us to grant relief: "a defendant who raised no objection at trial must demonstrate" not merely that a potential for a conflict of interest existed, but "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *see also United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) (declining relief when there is no evidence a potential conflict matured into an actual conflict where "counsel was forced to make choices advancing other interests to the detriment of his client").

Separately, Mr. Cornelio-Legarda says the district court improperly denied his request to amend his § 2255 motion. Mr. Cornelio-Legarda says he wanted to add another claim of ineffective assistance, this one on the basis that his lawyer failed to procure grand jury transcripts for use at his trial. He also wanted to examine those transcripts himself. But these were entirely new claims, as Mr. Cornelio-Legarda conceded, *see* R., Vol. 1, at 88, and they came two months after § 2255's one-year limitations period expired. *See* 28 U.S.C. § 2255(f)(1).

Separately still, Mr. Cornelio-Legarda contends the district court abused its discretion by failing to rule on his request for the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2). While "an order . . . that denies a motion for appointment of counsel . . . is . . . not subject to the COA requirement," *Harbison v. Bell*, 556

U.S. 180, 183 (2009), we nevertheless conclude that the district court didn't commit reversible error. Mr. Cornelio-Legarda only asked for counsel to help him prepare for an evidentiary hearing on his claims. *See* R., Vol. 1, at 15, 21. But the district court was able to resolve Mr. Cornelio-Legarda's claims without an evidentiary hearing, *id.* at 188, and that made his appointment-of-counsel motion besides the point on its own terms.

Mr. Cornelio-Legarda's request for a COA is denied, and this appeal is dismissed. The district court's decision not to appoint counsel is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge