FILED
United States Court of Appeals
Tenth Circuit

July 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ESTEBAN CORNELIO-LEGARDA,

      Defendant-Appellant.

No. 14-8029
(D.C. No. 2:07-CR-00239-NDF-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **EBEL**, and **BACHARACH**, Circuit Judges.

Esteban Cornelio-Legarda, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's decision dismissing

for lack of jurisdiction his second motion for relief under 28 U.S.C. § 2255. We deny

a COA and dismiss this matter.

In 2008, a jury found Mr. Cornelio-Legarda guilty of a number of drug

trafficking crimes. He was sentenced to life in prison on the first count, and he was

sentenced to lesser sentences on the other counts, all sentences to run concurrent. He

filed an appeal, and we affirmed his convictions and sentences. *See United States v.*

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Cornelio-Legarda*, 381 F. App'x 835, 837 (10th Cir. 2010). In 2012, he filed his first § 2255 motion to vacate, set aside or correct his sentence. The district court denied the motion, and we denied his request for a COA. *See United States v. Cornelio-Legarda*, 514 F. App'x 771, 772 (10th Cir. 2013).

In August 2013, Mr. Cornelio-Legarda sought authorization from this court to file a second or successive § 2255 motion in the district court. We denied his request. In December 2013, Mr. Cornelio-Legarda filed a second § 2255 motion, even though we had not given him authorization to do so. The district court concluded that this motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Cornelio-Legarda now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Cornelio-Legarda must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Cornelio-Legarda does not dispute that he filed a second § 2255 motion without authorization from this court. He argues, however, that the district court

erred in dismissing his case for lack of jurisdiction because he is entitled to relief based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and 28 U.S.C. § 2255(f)(3).

Section 2255(f)(3) provides that a § 2255 motion is considered timely if the motion is filed within one year of a Supreme Court decision that creates a newly recognizable right made retroactively applicable to cases on collateral review. But § 2255(f)(3) does not govern second or successive § 2255 motions. *Compare* 28 U.S.C. § 2255(f)(3) with *id.* § 2255(h). Because Mr. Cornelio-Legarda previously filed a § 2255 motion, he must seek authorization from this court before he can file his new § 2255 motion. *See* 28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3)(C).

Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Cornelio-Legarda's second § 2255 motion for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Cornelio-Legarda's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -